NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HONGXIN LI,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.   16-70355<br><br>Agency No. A 201-037-824<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2019
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

On January 11, 2016, the Board of Immigration Appeals ("BIA") dismissed Hongxin Li's appeal from an immigration judge's denials of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and subsequent order of removal to China. Li timely appealed. *See* 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 1252(b)(1). We have jurisdiction over the BIA's final order, 8 U.S.C. § 1252(a)(1); 8 U.S.C. § 1252(b)(2), and we deny Li's petition for review.

Li is a native and citizen of China. During her immigration hearing in 2014, Li provided inconsistent U.S. residency addresses and accounts about the last time she had been outside California. Li's testimony was also inconsistent about an incident in China on March 28, 2010, when she was arrested and detained after attending a house church meeting. Li testified that she was not allowed to call her parents while in detention, but the immigration judge had seen a letter from Li's mother saying that Li called her and asked her to bring money to the police station. When Li was asked about the discrepancy, the immigration judge noticed that she seemed nervous. Li testified that her mother may have remembered incorrectly because the incident happened a long time ago.

The BIA affirmed the immigration judge's adverse credibility determination against Li due to the inconsistencies in the record and her demeanor during the hearing: Li paused for long periods of time and clutched her throat, and, at several points during the hearing, she laughed when it seemed inappropriate.

The BIA concluded that with respect to persecution, Li's testimony lacked credibility, and, even assuming credibility, she had not suffered mistreatment that rose to the level of persecution. The BIA also concluded that Li failed to establish a well-founded fear of future persecution in China. Finally, the agency concluded

2

that the remaining evidence did not establish a clear probability of torture by the Chinese government if Li were removed to China.

An applicant seeking asylum bears the burden of proving eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a). An applicant's testimony can sustain her burden of proof in an asylum application without corroboration "only if" the trier of fact is satisfied that the testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). In making a credibility determination, the trier of fact may consider "the totality of circumstances," including: the applicant's "demeanor, candor, or responsiveness;" the "consistency of [the] statements with other evidence of record;" and "any inaccuracies or falsehoods in [the] statements." 8 U.S.C. § 1158(b)(1)(B)(iii).

We "must uphold the [BIA]'s adverse credibility determination so long as even one basis is supported by substantial evidence[.]" *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011); *see also Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Here, the BIA affirmed the immigration judge's adverse credibility determination based on several inconsistencies in the record and his observations of Li's demeanor. *See, e.g., Huang v. Holder*, 744 F.3d 1149, 1154–56 (9th Cir. 2014) (discussing demeanor evidence that supported an adverse credibility finding). Because the immigration judge noted that Li appeared nervous when

confronted about the letter from her mother that contradicted her testimony, the immigration judge's demeanor findings were sufficiently precise to support an adverse credibility finding. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam). Substantial evidence supported the adverse credibility determination. Therefore, the BIA properly dismissed Li's appeal.

**PETITION DENIED.**